## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:06cr203-04

GODWIN A. ENI

## MEMORANDUM OPINION

This Memorandum Opinion explains the rationale for issuing the January 5, 2007 Order (Docket No. 120).

### BACKGROUND

Defendant Goodwin Eni is scheduled to be sentenced on federal charges on January 12, 2007. In preparation for sentencing, the Defense subpoenaed records from the Richmond Department of Social Services ("DSS") for "[a]ny and all records, reports, notes, test results (including physical and psychological) and interviews" for Mr. Eni. DSS moved to quash the subpoena on grounds that the records are privileged and confidential under Virginia law[1] and that the request is unduly burdensome. (Motion to Quash, Docket No. 117)

For the reasons set forth below, DSS's motion is DENIED.

### DISCUSSION

**1. Confidentiality Created by Virginia Code**

DSS argues that the subpoena duces tecum should be quashed because, under the Virginia Code, the documents that Defense

---

[1] DSS cites Virginia Code §§ 63.2-102, -103, 104, and -105.

demands are privileged and confidential.  Motion to Quash, ¶¶ 1-4, 6.  The argument is without merit.

The parties dispute whether the cited sections of the Virginia Code even apply to Mr. Eni's request.  The Court need not decide the application of the Virginia statutes, however, because (1) Federal Rule of Evidence ("FRE") 501 dictates that federal privilege law controls in federal criminal proceedings; (2) no common-law privilege, pursuant to FRE 501, exists to bar admission of the documents Mr. Eni has subpoenaed; and (3) the "balance" test prescribed by the Supreme Court and the Fourth Circuit to assess conflicts between FRE 501 and state-created privileges tilts decidedly in favor of admission of the evidence.

In United States v. Gillock, 445 U.S. 360 (1980), the Supreme Court held that even though a state law may create a privilege, FRE 501 "requires the application of federal privilege law in criminal cases brought in federal court."  Id. at 368.  See also United States v. Cartledge, 928 F.2d 93, 96 (4th Cir. 1991)(following Gillock).  Because this case is a federal criminal proceeding, FRE 501, and not the Virginia Code, controls here.

FRE 501 prescribes that in federal criminal cases, privilege claims "shall be governed by the principles of the common law . . . ."  There is no common law privilege for the documents that Mr. Eni has subpoenaed, see United States v. White, 342 F. Supp.2d 495 (E.D. Va. 2004) (ruling, without discussion, that FRE

2

501 did not recognize a privilege for the same Virginia Code sections); in any event, DSS does not argue that the common law recognizes a privilege over the requested records.

In cases where a state law would create a privilege over evidence that FRE 501 would admit, <u>Gillock</u> and <u>Cartledge</u> direct the courts, in the interest of comity, to "balance" the state's interest in the privilege against the federal interest in having the evidence admitted.  Neither <u>Gillock</u> nor <u>Cartledge</u> make clear exactly what factors should be considered in this "balancing."  At a minimum, however, <u>Gillock</u> holds, and <u>Cartledge</u> follows, that "where important federal interest are at stake . . . comity yields."  <u>Gillock</u>, 445 U.S. at 372; <u>Cartledge</u>, 928 F.2d at 96.

What remains, therefore, is to determine whether the federal interest in this case is important for FRE 501 comity concerns.  Supreme Court precedent makes clear that it is.  <u>Gillock</u> dealt with evidence that the United States sought to subpoena over privilege objections.  In <u>Gillock</u>, the Court, citing <u>United States v. Nixon</u>, 418 U.S. 683 (1971), and noting that <u>Nixon</u> held that the President's claims of Executive Branch privilege were "insufficient to justify denying judicial power to secure all relevant evidence in a criminal proceeding," <u>Gillock</u>, 445 U.S. at 373, held that, by excluding evidence from a federal criminal trial, the state privilege (in <u>Gillock</u>, legislative immunity) claimed by the defendant "would impair the legitimate interest of the Federal

Government in enforcing its criminal statutes . . . ." Id. Nixon, in turn, makes clear that the federal interest in securing such evidence is important whether it is the prosecution or the defense that makes the request. In Nixon, the Court explained that:

> The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense.

Nixon, 418 U.S. at 709 (emphasis added).[2]

The subpoenaed evidence in this case falls squarely in Nixon's definition of an important federal interest. Mr. Eni seeks to access documents, admissible within the Federal Rules of Evidence, that are relevant to his sentencing in a criminal proceeding. The defendant's access to such evidence is essential to the functioning of our adversarial system, see Nixon, 418 U.S. at 709, and thus makes for an important federal interest the fulfillment of which overrides the federal system's concerns for comity. The Court therefore rejects DSS's Motion to Quash on grounds of state-created confidentiality.[3]

---

[2] As Gillock relied on Nixon's reasoning to assess the federal interest in the prosecution's request for evidence, it is appropriate to look to Nixon in this instance to assess the federal interest in an identical a request by the defense.

[3] Because Mr. Eni seeks documents pertaining to himself, the purpose for confidentiality is significantly diminished in any event.

4

**2.   Undue Burden**

In the alternative, DSS moves to quash the subpoena on grounds that complying with it would be unduly burdensome. Motion to Quash, ¶ 5. DSS has failed sufficiently to demonstrate that the request imposes an undue burden on it. The Court therefore rejects DSS's Motion to Quash on grounds of undue burden.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record by facsimile and by regular mail.

It is so ORDERED.

/s/
Robert E. Payne
United States District Court

Richmond, Virginia
Date: January 11, 2007